UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TROY WRIGHT,

                 Plaintiff,

       -against-

EDWARD F. WHITESELL; BRIDGET STELLAR; WAYNE R. WITHERWAX; GILBERT WEST,

                 Defendants.

17-CV-9054 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

       Plaintiff Troy Wright filed this action *pro se*. On February 26, 2018, the Court dismissed Plaintiff's claims, brought under 42 U.S.C. § 1983 against Dutchess County District Attorney Edward Whitesell, Assistant District Attorney Bridget Stellar, and Dutchess County Court Clerk Wayne Witherwax. The Court also declined to exercise supplemental jurisdiction over Plaintiff's state law claims against his former attorney, and dismissed those claims without prejudice to Plaintiff's refiling his state law claims in an appropriate forum.

       Plaintiff then moved for reconsideration of the February 26, 2018 dismissal order. By order dated June 28, 2019, the Court construed that application as a motion for relief from a judgment or order under Rule 60(b) of the Federal Rules of Civil Procedure and denied the motion. (ECF No. 14.)

       A few days later, on July 1, 2019, Plaintiff filed this new motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure, challenging the same order of dismissal. After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). The deadlines for filing such a motion are as follows:

> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60(c)(1).

Plaintiff indicates that his motion was given to prison officials for mailing on June 16, 2019, and the Court received it on July 1, 2019, a few days after the Court denied Plaintiff's earlier motion for reconsideration. (ECF No. 16, at 2.) Like Plaintiff's first reconsideration motion, this motion was filed more than one year after the February 2018 order of dismissal that Plaintiff challenges. Because a motion under Rule 60(b)(1), (2), or (3) must be made no more than a year after the entry of the judgment or order, he cannot pursue relief on these grounds.[1]

Plaintiff reasserts the same arguments that he raised in his first reconsideration motion, or variations of these arguments. The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to allege facts demonstrating that any of

---

[1] Even if a motion on these grounds were not untimely, Plaintiff has not provided any basis for relief under Rule 60(b)(1)-(3).

2

the grounds listed in Rule 60(b)(4) or (5) apply. Therefore, the motion under either of these clauses is denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Even assuming that the motion was filed within a reasonable time, Plaintiff has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (ECF Nos. 15-17) is denied. The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: November 12, 2019
       New York, New York

                                          COLLEEN McMAHON
                                      Chief United States District Judge